UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**LINDA SUE THORNBRUGH**,

Debtor.

Case No. **15-60352-13**

# MEMORANDUM OF DECISION

At Butte in said District this 13th day of January, 2016.

In this Chapter 13 case the Trustee filed a motion (Document No. 59) for an order vacating this Court's Order (Doc. 54) which approved modification of Debtor's confirmed Chapter 13 Plan on due process grounds, because the Debtor did not serve the Proof of Claim which she filed on behalf of Salmon River Motors ("SRM") and the Trustee's consent therefore was mistaken. Debtor filed an objection and set the matter for hearing, contending that SRM had actual notice of the Plan's treatment of its claim and an opportunity to object, and was given constitutionally adequate notice and due process, citing *Blendheim v. HSBC Bank USA, N.A. (In re Blendheim)*, 803 F.3d 477, 498 (9th Cir. 2015). After due notice, a hearing on the Trustee's motion was held at Missoula on January 7, 2016. The Chapter 13 Standing Trustee Robert G. Drummond appeared. The Debtor was represented by attorney Andrew W. Pierce ("Pierce") of Missoula. Robert "Rusty" Bapties ("Bapties"), general manager for SRM's company Quality Used Cars in Hamilton, Montana, testified. No exhibits were admitted. At the conclusion of the parties' cases-in-chief the Court took the matter under advisement. After review of the record and applicable law, the Trustee's motion to vacate order confirming Debtor's Plan will be denied

1

by separate Order, for the reasons set forth below.

This Court has exclusive jurisdiction of this Chapter 13 bankruptcy case under 28 U.S.C. § 1334(a). The Trustee's motion for order vacating order confirming Debtor's Chapter 13 Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

### FACTS

The facts are not in dispute. The Debtor purchased a 2005 Thor Wanderer Camp Trailer (the "camp trailer") from SRM's company Quality Used Cars in Hamilton. SRM is comprised of two corporations, one based in Salmon, Idaho, and the other in Hamilton, Montana. Bapties, who is SRM's general manager in the Hamilton store, testified that he prepared the paperwork for the sale of the camp trailer to the Debtor, that the sale took place in Hamilton, and that SRM took a lien in the trailer.

The Debtor filed her Chapter 13 petition on April 22, 2015. The notice of commencement of the case, meeting of creditors, and deadlines for matters such as proofs of claim, was mailed to creditors, including to SRM at PO Box Q, Salmon, ID 83467-0480, on April 25, 2015. Bapties confirmed that is SRM's correct mailing address in Salmon. The notice sets a deadline for filing proofs of claim by 8/12/15, and explains on the back that to be paid a creditor must file a proof of claim even if its claim is listed in the debtor's schedules.

Debtor's Schedule D, filed on May 15, 2015, lists SRM as a creditor with a claim secured by a PMSI in the 2005 Thor Wanderer Camp Trailer, with an amount of claim stated at $6,000, and the value of the camp trailer as $5,000.

The August 12, 2015, claims bar date expired and SRM had not filed a proof of claim. Asked why SRM did not file a proof of claim by the Trustee, Bapties testified that he did not

know and that it was probably an oversight by SRM. On August 28, 2015, Debtor's attorney Andrew W. Pierce filed Proof of Claim No. 16 for SRM pursuant to F.R.B.P. Rule 3004, which provides that if a creditor does not timely file a proof of claim, "the debtor or trustee may file a proof of claim within 30 days after the expiration of the time for filing claims . . . . The clerk shall forthwith give notice of the filing to the creditor, the debtor and the trustee." No certificate of mailing is attached to Proof of Claim No. 16 indicating that it was served on SRM

The Chapter 13 Trustee contends that the Debtor did not serve SRM with Proof of Claim No. 16. However, under direct examination by the Trustee, when asked if he was aware that the Debtor had filed Proof of Claim No. 16 Bapties answered that he was not sure. When asked whether he was aware that the Debtor had filed an amended plan Bapties answered "Yes." When asked how he knew he answered that he was told by SRM's Idaho office and told to appear.

Proof of Claim No. 16 asserts a secured claim for SRM in the amount of $2,000 secured by a purchase money security interest. Bapties testified that SRM objected to that amount as arbitrary and too small and wanted the camp trailer back.

The Debtor filed a chapter 13 plan, and thereafter filed a series of amended Chapter 13 Plans, including the one at issue dated September 21, 2015 (Doc. 42). That modified Plan provides for monthly payments for 60 months. Paragraph 2(b) lists SRM as a creditor with an impaired secured claim in an allowed amount of $2,000, based on Claim #16 which was filed by the Debtor. The Chapter 13 Trustee filed a consent to confirmation on September 24, 2015, and recommended that the modified Plan be confirmed.

SRM sent a letter to Pierce dated September 18, 2015, objecting that the $2,000 amount "mentioned in the documents is nowhere close to the balanced [sic] owed on this purchase."

Doc. 45 is that letter, signed by David L. Hull ("Hull"), who Bapties testified is the owner of all stock in SRM. The Court had Hull's letter entered on the case docket as an objection to confirmation by SRM. By notice dated September 25, 2015, Doc. 46, the Court set a hearing on confirmation of Debtor's modified Plan and SRM's objection. That notice of hearing was mailed to SRM's address in Salmon, ID.

Bapties testified that he was told by SRM's Salmon office to appear at the hearing. He did not. This Court called the matter for hearing on November 5, 2015. The Chapter 13 Trustee and Pierce appeared at the hearing. SRM was not represented at the hearing by an attorney as is required for a corporation by Montana Local Bankruptcy Rule 1074-1. Bapties testified that he was late in arriving at the hearing and checked in with the bailiff, but he did not have an opportunity to address the Court. The Court entered its Order overruling SRM's objection and confirming Debtor's modified Plan and its treatment of SRM's secured claim on November 5, 2015.

The Chapter 13 Trustee filed his motion to vacate the order approving Debtor's modified Plan on November 10, 2015, on the grounds SRM was not given due process because Pierce did not serve Proof of Claim No. 16 on SRM. The Trustee argues that his consent to the modified Plan was mistaken. The Debtor objected to the Trustee's motion on the grounds the Debtor served SRM with her modified Plan which contained the information on Proof of Claim No. 16, and that SRM failed to appear at the hearing.

## DISCUSSION

The Court views the Trustee's motion for order vacating order confirming plan as a motion for reconsideration, because the Trustee argues that his consent to the modified Plan was

4

a mistake. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Parma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). No newly discovered evidence has been submitted or offered in the record, which was not available earlier in the case, and no intervening change in controlling law has occurred.

Turning to the Trustee's argument that SRM was not given due process because the Debtor failed to serve Proof of Claim No. 16 on SRM, the Court first notes that Rule 3004 concludes with: "The clerk shall forthwith give notice of the filing to the creditor, the debtor and the trustee." Rule 3004 does not require that a debtor give notice of the filing of a proof of claim to a creditor. Further, Rule 3004 does not require that the proof of claim be served on the creditor, rather it requires that "notice of the filing" be given to the creditor.

The Trustee argues that SRM was not given due process. Notice sufficient to comport with due process is that which is reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *In re Blendheim*, 803 F.3d at 498, quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010); *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873.

Federal courts have determined that notice which is confusing, misleading or inaccurate, is insufficient to meet procedural due process requirements under the United States Constitution because such notice does not adequately safeguard a person's concomitant due process right of an

opportunity to be heard. *See, e.g., Walters v. Reno*, 145 F.3d 1032, 1043 (9th Cir.1998) ; *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir.1990). "A primary purpose of the notice required by the Due Process Clause is to ensure that the opportunity for a hearing is meaningful." *City of West Covina v. Perkins* (1999), 525 U.S. 234, 240, 119 S.Ct. 678, 681, 142 L.Ed.2d 636, 642 (citing *Mullane*, 339 U.S. at 314, 70 S.Ct. at 657, 94 L.Ed. at 873).

The record clearly shows that Debtor's modified Plan was served on SRM at its Salmon, ID, address. The modified Plan (Doc. 42) includes specific treatment of SRM's impaired secured claim, in the amount of $2,000, and specifically references "Claim #16." Bapties testified that SRM told him about the Plan's treatment of SRM and told him to appear at the hearing. SRM's objections were filed, and SRM was given notice of the hearing on confirmation and the opportunity to appear and present its objections.

Bapties failed to appear at the hearing, although he tried. Even if he had been on time, however, he would not have been allowed to represent SRM. Montana Local Bankruptcy Rule 1074-1 requires that corporations "shall be represented in Court proceedings by an attorney." SRM is a corporation, and its Hamilton manager Bapties is not an attorney so he would not have been allowed to appear for SRM.

A basic maxim of equity provides: "The law aids the vigilant before those who sleep on their rights." MONT. CODE ANN. § 1-3-218. SRM was mailed notice of Debtor's bankruptcy filing, notice of the deadline for filing proofs of claim, notice of the Debtor's modified Plan's treatment of its secured claim, and notice of the hearing on confirmation and its objection. Instead of retaining an attorney as required by Mont. LBR 1074-1, SRM ignored the claims deadline and dispatched a non-attorney to prosecute its objection to Debtor's modified Plan.

SRM has not acted diligently to protect its rights, and cannot expect equitable relief. Because SRM received actual notice of the filing and contents of Debtor's modified Plan, which it acknowledged by filing its objection, this more than satisfied SRM's due process rights. *See Blendheim*, 803 F.3d at 498, quoting *Espinosa*, 559 U.S. at 272, quoting *Mullane,* 339 U.S. at 314.

**IT IS ORDERED** a separate Order shall be entered sustaining the Debtor's objection and denying the Chapter 13 Trustee's motion for order vacating order confirming Chapter 13 Plan (Doc. 59).

/s/ Ralph B. Kirscher
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge